# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re BIOLITEC, INC. | |
| BIOLITEC AG, et al., | Civil Case No. 13-5864 (FSH) |
| Appellants, | **OPINION & ORDER** |
| v. | Date: December 16, 2013 |
| MELANIE L. CYGANOWSKI, Chapter 11 Trustee, | |
| Appellee. | |

**HOCHBERG, District Judge:**

This matter comes before the Court upon Appellants Biolitec AG, Biomed Technology Holdings, LTD, Ceramoptec Industries, Inc., Dr. Wolfgang Neuberger, Biolitec Holdings US, Inc., and Biolitec FZ LLC's appeal from the United States Bankruptcy Court for the District of New Jersey's Order Expunging Proof of Claim of Biolitec FZ LLC (Dkt. Nos. 1-3). The Court decides the appeal without an oral hearing, pursuant to Federal Rule of Bankruptcy Procedure 8012 and Federal Rule of Civil Procedure 78(b), because the facts and legal arguments are adequately presented in the briefs and record and oral argument would not significantly aid the decisional process. For the following reasons, the Court affirms the ruling of the Bankruptcy Court.

**I.        BACKGROUND**

Biolitec, Inc. ("Debtor") was a member of the Biolitec group of companies. These companies manufacture and distribute fiber optic devices such as medical lasers.

In January 2008, AngioDynamics, Inc. ("ADI") filed a breach of contract action against Debtor in United States District Court for the Northern District of New York ("the New York action") alleging that Debtor was obligated to defend and indemnify ADI in two underlying patent infringement lawsuits that had been filed against ADI. (B.R. Dkt. No. 2, ¶ 11.)[1] The Debtor counterclaimed and sought the recovery of $1.6 million in defense costs expended in one of the underlying patent litigations. (B.R. Dkt. No. 2, ¶ 13.) On November 8, 2012, the New York court entered judgment in the approximate amount of $23 million in favor of ADI against Debtor. (B.R. Dkt. No. 2, ¶ 9.) The Debtor appealed the New York judgment to the Second Circuit on January 18, 2013. (B.R. Dkt. No. 2, ¶ 16.)

Meanwhile, in October 2009, ADI commenced an action in the United States District Court for the District of Massachusetts against Debtor, Biolitec AG, Biomed Technology Holdings Ltd., and Wolfgang Neuberger seeking to disregard Debtor's corporate structure and impose liability on the Massachusetts defendants based on veil piercing and fraudulent transfer claims alleging the defendants sought to leave Debtor judgment proof. (B.R. Dkt. No. 2, ¶ 50.) In August 2012, ADI obtained a preliminary injunction freezing the Debtor's and other Biolitec entities' assets subject to an ordinary course of business exception. (B.R. Dkt. No. 2, ¶ 53.) The injunction was subsequently affirmed by the First Circuit. *AngioDynamics, Inc. v. Biolitec AG*, 711 F.3d 248, 252 (1st Cir. 2013); (B.R. Dkt. No. 210-1, ¶ 17).

On January 22, 2013, the Debtor initiated its Chapter 11 bankruptcy. (B.R. Dkt. No. 2, dated 1/22/13.) Prior to the appointment of the trustee in this matter,[2] Biolitec AG merged with

---

[1] B.R. Dkt. No. refers to the docket entries in the underlying bankruptcy matter, case number 13-11157-DHS.

[2] On April 3, 2013, the Bankruptcy Court entered an order directing the U.S. Trustee appoint a Chapter 11 trustee in this matter. (B.R. Dkt. No. 105.) The U.S. Trustee appointed Melanie L.

its Austrian subsidiary in violation of the injunction issued by the Massachusetts District Court. (B.R. Dkt. No. 210-1, ¶¶ 18-19.) As a result, the Massachusetts Court held the Biolitec defendants in contempt of court. (*Id.*) After Dr. Neuberger failed to appear personally and explain his actions before the Massachusetts Court, the Court issued a warrant for his arrest and issued a series of fines against the Biolitec companies. (*Id.*)

On May 28, 2013, during Debtor's bankruptcy, appellant Biolitec FZ LLC filed a proof of claim related to its alleged interest in Debtor's counterclaims asserted in the New York action alleged to be worth approximately $1.6 million should Debtor's appeal to the Second Circuit succeed. (B.R. Dkt. No. 249-3, ¶ 1; B.R. Dkt. No. 2, ¶ 13.) Appellants argue that this interest was assigned on January 21, 2013—one day prior to the filing of Debtor's bankruptcy. On July 26, 2013, the Trustee objected to Biolitec FZ LLC's proof of claim on a number of grounds, including 11 U.S.C. § 502(b)(1). (B.R. Dkt. No. 210.)

On August 8, 2013, the Bankruptcy Court issued an oral decision expunging Biolitec FZ LLC's claim on the basis that Biolitec FZ LLC failed to carry its burden that there was a valid assignment of an interest in Debtor's counterclaims. (August 8, 2013 Hr'g Tr.) The Bankruptcy Court specifically found that: (1) the purported assignment was not notarized, authenticated, or witnessed; (2) the purported assignment was dated one day prior to the filing of Debtor's bankruptcy and was signed by Dr. Neuberger on behalf of both parties; (3) the assignment indicated that Biolitec FZ LLC would prosecute the Second Circuit appeal diligently and at its sole cost; (4) in exchange, Biolitec FZ LLC would receive 75% of any counterclaim recovery and Debtor would receive 25%; (5) the purported assignment did not give any indication of what consideration was paid for the interest in the counterclaims; (6) there is no credible evidence that

---

Cyganowski as trustee on April 11, 2013 and the Court ordered the appointment on April 12, 2013. (B.R. Dkt. No. 110.)

a $215,000 payment to Debtor on January 18, 2013 from Biolitec Holdings was consideration for the alleged interest; (7) Dr. Neuberger did not attend the hearing and was not subject to cross examination; (8) the schedules and statements of financial affairs filed in the bankruptcy proceeding did not disclose the alleged assignment to Biolitec FZ LLC, but they did list the counterclaims as an asset of the Debtor; (9) the assignment appeared to violate the Massachusetts' Court's injunction; and (10) the contemporaneous documents indicate that the $215,000 transferred to Debtor from another Biolitec entity was a capital contribution and not consideration for the alleged assignment from Biolitec FZ LLC. (August 8, 2013 Hr'g Tr. at 22-25.) On August 9, 2013, the Bankruptcy Court entered an Order expunging Biolitec FZ LLC's proof of claim.[3] (B.R. Dkt. No. 260.) This appeal followed.

## II. JURISDICTION & STANDARD OF REVIEW

The bankruptcy court had subject matter jurisdiction pursuant to 28 U.S.C. § 1334. This Court has appellate jurisdiction over the final order of the bankruptcy court pursuant to 28 U.S.C. § 158(a). *In re Am. Classic Voyages Co.*, 405 F.3d 127, 130 (3d Cir. 2005); *see also Walsh Trucking Co., Inc. v. Ins. Co. of N. Am.*, 838 F.2d 698, 701 (3d Cir. 1988) ("[A]n order expunging a creditor's claim in an ongoing bankruptcy proceeding is a final order immediately appealable to the district court under section 158(a).")

This court "review[s] the bankruptcy court's legal determinations *de novo*, its factual findings for clear error, and its exercise of discretion for abuse thereof."[4] *Am. Classic Voyages*

---

[3] At the same hearing, the Bankruptcy Court approved a settlement between ADI and the Debtor, mooting the Second Circuit appeal, and approved the asset sale to ADI. (August 8, 2013 Hr'g Tr.)

[4] "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

*Co.*, 405 F.3d at 130. The Court "must break down mixed questions of law and fact, applying the appropriate standard to each component." *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 172 (3d Cir. 1992).

## III. DISCUSSION

Appellants seek reversal of the Bankruptcy Court's order expunging Biolitec FZ LLC's proof of claim. Under 11 U.S.C. § 502, a party in interest is authorized to object to claims. "The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times." *Allegheny*, 954 F.2d at 173. First, the claimant must allege facts sufficient to support his claim. *Id*. If the allegations in the filed claim meet this standard, "it is '*prima facie*' valid." *Id*. "In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation." *Id*. In a bankruptcy proceeding, a properly filed proof of claim is considered "prima facie evidence of the validity and the amount of the claim." Fed. R. Bankr. P. 3001(f). The burden then shifts to the objector "to produce evidence sufficient to negate the *prima facie* validity of the filed claim." *Allegheny*, 954 F.2d at 173. "In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *Id*. at 173-74. If the objector meets this burden, "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence . . . . The burden of persuasion is always on the claimant." *Id*. Section 502(b)(1) "is most naturally understood to provide that, with limited exceptions, any defense to a claim that is available outside of the bankruptcy context is also available in bankruptcy." *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 450 (2007).

Appellants argue that the Bankruptcy Court made five errors when rendering its decision: (1) it improperly inquired in to the adequacy of consideration; (2) it gave improper weight to the absence of notarization and lack of reference to consideration; (3) it gave improper weight to the absence of the transaction in the statements of financial affairs; (4) it improperly concluded the Massachusetts injunction was violated; and (5) the Bankruptcy Court erred when it failed to initiate an adversary proceeding in accordance with Federal Rule of Bankruptcy Procedure 7001.[5] The Chapter 11 Trustee disputes these allegations. The Court finds that none of Appellants' arguments are persuasive, and the record evidence more than supports the Bankruptcy Court's findings of fact and conclusions of law.

As a threshold matter, whether or not the Debtor actually assigned an interest in its New York counterclaims to Biolitec FZ LLC prior to the filing of the bankruptcy is a question of fact that is reviewed for clear error.[6]

---

[5] For the first time in its reply brief, the Appellants argue that the Trustee never provided any countervailing proof to rebut Biolitec FZ LLC's *prima facie* proof of claim. (Reply at 4.) But the record evidence shows that the Trustee referenced various filings and argued that inconsistencies in the evidence rebutted the Appellants' *prima facie* case. There is no requirement that the Trustee set forth separate and independent evidence to rebut the *prima facie* proof of claim. The objector needs only to "produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *Allegheny*, 954 F.2d at 173-74. "An issue is waived unless a party raises it in its opening brief, and for those purposes 'a passing reference to an issue . . . will not suffice to bring that issue before this court." *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994). In any event, the Trustee pointed to evidence, *e.g.*, the lack of disclosure of any assignment in the Debtor's bankruptcy filings. In the end, it is up to "the claimant to prove the validity of the claim by a preponderance of the evidence." *Id.*

[6] Appellants cite *In re Pan*, 209 B.R. 152 (D. Mass. 1997) for the proposition that sufficiency of proof of claim is a question of law reviewed *de novo*. But *Pan* is inapposite. First, *Pan* is not binding on this Court. Second, *Pan* addressed what was required for a proof of claim to be *prima facie* valid. *Pan* did not address the fact that burden of persuasion rests with the claimant once the objector produces evidence that calls into question the asserted claim; *Pan* only addressed the initial presumption of validity. *Id.* at 156; *see also Allegheny*, 954 F.2d at 173. In

The record evidence fully supports the Bankruptcy Court's findings. For example, the Debtor's books and records, including its statements of financial affairs, contradicted Dr. Neuberger's declaration that Debtor had transferred and assigned the New York counterclaims to Biolitec FZ LLC. Appellants argue that they are not estopped from pursuing a claim that was inadvertently not disclosed in a bankruptcy filing. While it is true that in some cases a legal claim, or cause of action, may be pursued despite not being included in a bankruptcy filing, the cases Appellants cite do not stand for the proposition that the Bankruptcy Court must allow the claims. Indeed, courts often bar claims not listed in a bankruptcy due to the doctrine of judicial estoppel. *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 316 (3d Cir. 2003). But whether judicial estoppel applies in this instance is not relevant. The only reason the absence of the claim is relevant is because it is further evidence that the purported assignment never took place prior to Debtor's bankruptcy.

While Appellants came forward with a declaration from Dr. Neuberger, the Bankruptcy Court was free to evaluate that declaration and the surrounding evidence for credibility and authentication. In addition, the Bankruptcy Court did not err by taking into account the fact that Dr. Neuberger failed to attend the hearing,[7] was not available to be cross-examined at the

---

contrast, this matter involved substantial factual findings by the Bankruptcy Court after the objector met its burden of production.

[7] Although not stated as a basis for the Bankruptcy Court's opinion, "a 'missing witness' inference may arise where a party fails to call an available witness whose testimony could be expected to favor that party, because the natural inference is that the witness would have exposed facts unfavorable to that party." *In re Miller Homes, LLC*, Civ. No. 05-60213, 2009 WL 4430267 (Bankr. D.N.J. Nov. 25, 2009). The parties dispute whether or not the Bankruptcy Court properly denied Appellants' request that Dr. Neuberger appear via video link at the hearing. Appellants did not appeal this decision and, therefore, any argument that it was in error is waived. In any event, Appellants did not provide any "good cause" for granting a request for contemporaneous transmission of testimony under Federal Rule of Civil Procedure 43(a) to the Bankruptcy Court thereby waiving this argument. (B.R. Dkt. Nos. 216, 222.) It is also clear that

hearing, did not have the document notarized, and was the person who signed the alleged assignment for both the Debtor and Biolitec FZ LLC.[8] The Bankruptcy Court's findings of fact will only be overturned for clear error. *Allegheny*, 954 F.2d at 172. Based on the contrary record evidence, the Bankruptcy Court was free to disbelieve Dr. Neuberger's declaration.

The Bankruptcy Court also properly considered other facts when evaluating the existence and validity of the purported assignment. The Bankruptcy Court noted the assignment did not list the amount or nature of any consideration and the suspicious timing of the document. The Bankruptcy Court also concluded that the monetary transfers among the Biolitec entities were not consideration for the alleged assignment. It is notable that the money Debtor received on January 18, 2013, which Appellants contend was the consideration for the alleged assignment, did not come from Biolitec FZ LLC and occurred before the purported assignment.

Appellants cite to several New Jersey cases for the proposition that courts should not inquire into the sufficiency of consideration when determining whether to enforce a contract. But these cases are not relevant. The Bankruptcy Court evaluated whether or not the assignment ever actually occurred. The fact that there were inconsistencies in Dr. Neuberger's declaration and the absence of any identifiable consideration was one factor supporting its finding that the

---

Appellants' new argument on appeal (*i.e.*, that Dr. Neuberger did not appear due to the distance to the hearing) is not consistent with their position at the August 6, 2013 hearing. At the hearing, Appellants made it clear that Dr. Neuberger did not come to the hearing because he feared arrest. Finally, it is not apparent that the Bankruptcy Court applied a "missing witness" inference.

8 Appellants make much of whether or not the alleged assignment was "authenticated" under the Federal Rules of Evidence. The cases Appellants cite for the proposition that authentication is a low bar and can be done in a number of ways are not relevant because the ultimate issue of their authorship and probative weight are matters for the fact finder. *U.S. v. Am. Radiator & Standard Sanitary Corp.*, 433 F.2d 174, 192 (3d Cir. 1970) ("The ultimate issue of their authorship and the probative weight to be afforded them is for the jury."). Similarly, while notarization or reference to consideration may not be required, the Bankruptcy Court was free to consider their absence when evaluating the alleged assignment.

assignment did not occur prior to the filing of the bankruptcy. Moreover, even if the Bankruptcy Court found that the assignment existed, which it did not, the absence of any consideration at all—which the Bankruptcy Court found was lacking—would render the purported assignment invalid. Appellants' cited cases support this proposition. *See*, *e.g.*, *Seaview Orthopaedics ex rel. Fleming v. Nat'l Healthcare Res., Inc.*, 366 N.J. Super. 501, 508 (N.J. Super. Ct. App. Div. 2004) ("It is well-settled that contracts are not enforceable in the absence of consideration, *i.e.*, 'both sides must 'get something' out of the exchange.'"). Moreover, Appellants mischaracterize both Appellee's brief and the Bankruptcy Court's order when they claim the Bankruptcy Court found the consideration for the assignment was $215,000. (Reply at 6.) The Bankruptcy Court clearly did not believe there was ever an assignment and found no evidence supporting the assertion that the $215,000 was consideration for an assignment. (August 8, 2013 Hr'g Tr. at 22-25.) The Bankruptcy Court did not expunge the claim for lack of adequate consideration.

The fact that the purported assignment would have violated the Massachusetts injunction was also a relevant consideration for the Bankruptcy Court as it further casts doubt on whether or not the assignment was entered into and had any force or effect.

Finally, Appellants contend that Federal Rule of Bankruptcy Procedure 7001(1) required that there be an adversary proceeding in order to seek avoidance of the alleged assignment.[9] (Opening Br. at 16.) Rule 7001(1) states that "a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002" is an adversary proceeding governed by Part VII of the Bankruptcy Rules of Procedure. Fed. R. Bankr. P. 7001(1). But this rule is inapplicable to the facts at hand. Biolitec FZ LLC's proof of claim and the Trustee's objection to

---

[9] This argument presents a question of law that the Court reviews *de novo*.

the claim are not "proceeding[s] to recover money or property" that fall within Rule 7001(1). The Trustee did not seek to recover money or property from Appellants; rather, the Trustee objected to Biolitec FZ LLC's claim to Debtor's assets and did not seek any affirmative recovery. This is an exercise under 11 U.S.C. § 502 and does not require an adversary proceeding. *See*, *e.g.*, *In re Brill*, 318 B.R. 49, 51 (Bankr. S.D.N.Y. 2004) (expunging proof of claim as time barred without an adversary proceeding). In any event, this objection raises form over substance. All of the parties had a full and fair opportunity to be heard by the Bankruptcy Court on the merits of this matter.

The cases Appellants cite are inapposite as they all address situations where the Trustee was attempting to recover money from third parties, recover property from third parties, or avoid a transfer. *See*, *e.g.*, *In re Cybridge Corp.*, 304 B.R. 681, 685 (Bankr. D.N.J. 2004) (Trustee's request to recover money from a third party denied under Rule 7001(1)), *aff'd,* 312 B.R. 262 (D.N.J. 2004); *In re Indri*, 126 B.R. 443, 444-45 (Bankr. D.N.J. 1991) (noting adversary proceedings apply to §§ 547 and 548 of the code). In contrast, the Trustee here was not avoiding a transfer or attempting to recover money from a third party. The Trustee objected to Biolitec FZ LLC's claim under § 502, and the Bankruptcy Court found that the alleged transfer never took place at all.

## IV. CONCLUSION & ORDER

For the reasons stated above;

**IT IS** on this 16th day of December, 2013,

**ORDERED** that the Bankruptcy Court is **AFFIRMED**; and it is further

**ORDERED** that the Clerk of the Court is to **CLOSE** this case.

**IT IS SO ORDERED.**

**/s/ Faith S. Hochberg_____**
**Hon. Faith S. Hochberg, U.S.D.J.**